NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONNELL RUSH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROSETTO REALTY GROUP, LLC,<br>RONALD ROSETTO, Individually and in his<br>Official Capacity as President of Rosetto<br>Realty Group, STEVEN HONAN,<br>Individually and in his Official Capacity as<br>Real Estate Agent, EMCEE PROPERTIES,<br>LLC, and RYAN BLUMENTHAL,<br>Individually and in his Official Capacity as<br>President/Owner of Emcee Properties, LLC,<br><br>　　　　Defendants.<br><br>EMCEE PROPERTIES, LLC, and RYAN<br>BLUMENTHAL, Individually and in his<br>Official Capacity as President/Owner of<br>Emcee Properties, LLC,<br><br>　　　　Defendants/Third Party Plaintiffs,<br><br>　　v.<br><br>INDIANA INSURANCE COMPANY,<br><br>　　　　Third Party Defendant. | Civ. No. 17-2506<br><br>**OPINION**<br><br>RECEIVED<br><br>OCT 15 2018<br><br>AT 8:30____2:30 PM<br>WILLIAM T. WALSH<br>CLERK |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon two Motions to Dismiss for Lack of Jurisdiction: one filed by Defendants Ryan Blumenthal and Emcee Properties, LLC (ECF No. 43); and one filed by Defendants Steven Honan, Ronald Rosetto, and Rosetto Realty Group,

1

LLC (ECF No. 44) (collectively, "Defendants"). Plaintiff opposes both Motions. (ECF No. 46.) For the reasons stated herein, Defendants' Motions are granted.

## BACKGROUND

This case arises from Plaintiff Ronnell Rush's attempts to lease property to open a hair salon (sometimes described as a barber shop) in early 2017, and from Defendants' alleged refusal to rent to or negotiate with him because of his race and gender. Plaintiff filed suit in this Court on April 12, 2017, alleging violations of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a(a) (Compl. ¶¶ 36–39, 48–51, 60–65, ECF No. 1); the Fair Housing Act, 42 U.S.C. § 3604(a) (*id.* ¶¶ 40–43, 52–55, 66–69); and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. §§ 10:5-4, 10:5-12(e) (*id.* ¶¶ 44–47, 56–59, 70–81). On August 29, 2018, the Court granted summary judgment in favor of Defendants on all Title II and Fair Housing Act claims, holding that neither statute applies to the leasing of commercial real estate. (Op. at 13–14, ECF No. 36; Order, ECF No. 37.) As a result, this action now contains only state law claims under NJLAD.

On September 19, 2018, Moving Defendants moved to dismiss in two separate motions, arguing that the Court lacks subject matter jurisdiction (ECF Nos. 43, 44). Plaintiff opposed the Motions on September 28, 2018. (ECF No. 46.) Defendants Steven Honan, Ronald Rosetto, and Rosetto Realty Group, LLC replied on October 5, 2018. (ECF No. 47.) These Motions are presently before the Court.

## LEGAL STANDARD

Federal courts have limited jurisdiction, as provided by statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The two most common sources of jurisdiction for a federal district court are federal question jurisdiction and diversity jurisdiction. Under the former, "[t]he district courts shall have original jurisdiction of all civil actions arising

2

under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the latter, district courts have diversity jurisdiction when the amount in controversy exceeds $75,000 and the parties are diverse from one another. 28 U.S.C. § 1332. Additionally,

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). However, the district court may decline to exercise supplemental jurisdiction in the following circumstances:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

The question raised by the present Motions is whether the Court ought to refuse supplemental jurisdiction of the state law claims remaining and dismiss this case so that it may be brought in state court. The text of § 1367(c) permits the Court to decline to exercise jurisdiction in two circumstances that both exist here: (a) where state law claims "substantially predominate[]" over the federal claims, and (b) where all federal claims have been dismissed. § 1367(a)(2), (3).

Refusing to exercise supplemental jurisdiction is left to the district court's discretion, but several appellate opinions guide and shape that discretion. *United Mine Workers v. Gibbs*, a case decided before the modern supplemental jurisdiction statute but whose reasoning the Third

3

Circuit continues to adopt, *see Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995), held that federal courts should resolve state law claims only in particular circumstances:

> [P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.

383 U.S. 715, 726 (1966) (internal citations omitted). The *Gibbs* Court went on to state:

> Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

*Id.* at 726–27 (internal citations omitted). There is an "important . . . interest to be served by relegating state claims to the state court" where "a state claim constitutes the real body of a case, to which the federal claim is only an appendage . . . only where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." *Borough of W. Mifflin*, 45 F.3d at 789 (3d Cir. 1995) (quoting *Gibbs*, 383 U.S. at 727). Additionally, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Id.* at 788 (3d Cir. 1995) (citing *Lovell Mfg. v. Export-Import Bank of the U.S.*, 843 F.2d 725 (3d Cir. 1988)). Stated even more strongly, where all federal claims have been dismissed at the summary judgment stage, the court should refrain from exercising supplemental jurisdiction "absent extraordinary circumstances." *Simcic v. Pittsburgh Water & Sewer Auth.*, 605 F. App'x 88, 92 (3d Cir. 2015) (citing *Shaffer v. Bd. of Sch. Dirs. of*

*Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984)); *accord Angeloni v. Diocese of Scranton*, 135 F. App'x 510, 515 (3d Cir. 2005) (citing *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3d Cir. 1976)).

In this case, summary judgment was granted for defendants on all federal claims, and only state law claims remain. Additionally, there are no important interests served by keeping this case in federal court, rather than dismissing the case to allow Plaintiff to bring his claims in state court. Plaintiff is not in danger of having his claims barred by the statute of limitations. *See Montells v. Haynes*, 627 A.2d 654, 659–60 (N.J. 1993) (providing a two-year statute of limitations for NJLAD claims); 28 U.S.C. § 1367(d) (tolling the statute of limitations for supplemental state law claims brought pending in federal court). While a court may decide to retain a claim after a trial has already concluded, *see Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1285 (3d Cir. 1993), no trial has taken place in this case. And even though the parties have engaged in discovery in federal court, they may quickly and efficiently import their discovery into state court litigation. Thus, without a significant countervailing interest, the case should be dismissed so that Plaintiff may bring his state law claims in state court.

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss for Lack of Jurisdiction are granted, and Plaintiff's remaining state law claims are dismissed without prejudice so they may be brought in state court. An appropriate order will follow.

Date: 10/15/18

ANNE E. THOMPSON, U.S.D.J.

5